The actions were to recover for the alleged negligence of defendants, as public accountants, in auditing accounts and certifying to an inaccurate balance sheet, in reliance upon which plaintiffs advanced money to their damage.

*James Marshall, Louis Marshall* and *Abraham Shamos* for appellants.

*Martin Conboy* and *Edwin N. Moore* for Federal International Banking Company, respondent.

*H. H. Breland, Emory R. Buckner* and *Lowell Turrentine* for Equitable Trust Company of Baltimore, respondent.

*Herbert R. Limburg* and *Lionel S. Popkin* for Ultramares Corporation, respondent.

In each action order affirmed, with costs; question certified answered in the negative. Held, that section 50, subdivision 1, of the Civil Practice Act, in so far as it prescribes a limitation in actions to recover damages for malpractice, refers to actions to recover damages for personal injuries resulting from the misconduct of physicians, surgeons and others practicing a profession similar to those enumerated.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ISAAC A. HOPPER's SONS, INC., Respondent, *v.* THE GERRY ESTATES, INC., et al., Appellants.

*Lien — contract — action to foreclose mechanic's lien — contract to erect building for cost plus seven and one half per cent — difference as to agreed upset price.*

*Hopper's Sons, Inc.,* v. *Gerry Estates, Inc.,* 222 App. Div. 4, affirmed. (Argued March 28, 1928; decided April 13, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1927, which reversed a judgment of Special Term entered upon the report of a referee in an action to foreclose a mechanic's lien and directed judgment in favor of plaintiff upon new findings. The contract pro-

vided for the construction of a store and loft building according to certain plans and specifications for which the contracting defendant agreed to pay plaintiff the cost, plus seven and one-half per cent. It was asserted by plaintiff that there was an upset price agreed upon of $136,750. The contracting defendant asserted that the upset price was $106,750. It is about this difference in the amount of the upset price agreed upon that the controversy arose.

*I. Maurice Wormser* and *Abraham J. Halprin* for appellants.

*John J. Cunneen* and *Joseph A. Byrne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

A. STANLEY COPELAND, Appellant, *v.* FLORENCE E. KNAPP, Secretary of State, Respondent.

*Appeal — order of Special Term denying motion for order of mandamus to Secretary of State or Governor — appeal direct to Court of Appeals dismissed.*

*Copeland* v. *Knapp*, Rensselaer Co. Special Term, Jan. 11, 1928, appeal dismissed.

(Argued March 29, 1928; decided April 13, 1928.)

APPEAL, on alleged constitutional questions, from an order of a Special Term of the Supreme Court in and for the county of Rensselaer, entered in the office of the clerk of the county of Albany January 11, 1928, which denied for lack of jurisdiction a motion for an order of mandamus requiring the Secretary of State or the Governor to notify the Federal government that the act of the Legislature of this State ratifying the prohibition amendment to the Federal Constitution was invalid.

*A. Stanley Copeland,* appellant, in person.

*Albert Ottinger, Attorney-General* (*C. F. Dawes* and *John T. Smith* of counsel), for respondent.